UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

    - against -

LEONG SENG CHEAH,

                Defendant.

------------------------------------------X

04 Cr. 271-05(RWS)

SENTENCING OPINION

Sweet, D.J.,

On July 19, 2006, defendant Leong Seng Cheah ("Cheah") pled guilty to one count of possession with intent to distribute MDMA (commonly referred to as "Ecstasy") in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) and one count of conspiring to distribute and possess with intent to distribute MDMA in violation of 21 U.S.C. § 846. Both counts are Class C felonies. For the reasons set forth below, Cheah will be sentenced to time served and a three-year term of supervised release. Cheah will also be required to pay a mandatory special assessment of $200.


**Prior Proceedings**


On March 23, 2004, a seven-count superseding indictment was filed alleging that Cheah and other co-defendants engaged in various offenses relating to the distribution of Ecstacy. Cheah was arrested on March 31, 2004, and has been incarcerated since

that date.  On July 6, 2004, a second superseding indictment was filed with respect to Cheah and the other co-defendants.

On July 19, 2006, Cheah appeared before the Honorable Theodore H. Katz of this district and pled guilty to the offense charged in the fifth and seventh counts of the second superseding indictment in accordance with a plea agreement entered into with the Government.  Cheah's guilty plea was accepted by this Court on August 15, 2006, and he is scheduled to be sentenced on November 3, 2006.

## The Sentencing Framework

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission.  Thus, the sentence to be imposed here is the result of a consideration of:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed --

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

2

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for --

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5)   any pertinent policy statement ... [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.


**The Defendant**


The following description draws on the Pre-Sentence Investigation Report prepared by the Probation Office of the United States District Court for the Southern District of New York on

September 8, 2006 ("the PSI").  Additional facts regarding Cheah's history and characteristics are adopted as set forth in that report.

Leong Seng Cheah was born in Malaysia in December 1978. According to Cheah, he was raised under poor economic conditions in a rural area of Malaysia.  His upbringing was left to his paternal grandparents until Cheah reached the age of about ten years old, because his parents went overseas to Japan in order to be able to work.

Cheah entered the United States in 2000.  He has never been married and has no children.  Cheah stopped attending school in Malaysia when he was about 13 or 14 years of age.  He has not received any additional formal educational or vocational training. Before his incarceration beginning in April 2004, Cheah reports having worked in construction and being employed as a cook in a Chinese restaurant.

**The Offense Conduct**

The following description draws on the PSI.  The specific facts of the underlying conduct are adopted as set forth in that report.

Between June 2003 and March 2004, Cheah conspired with co-defendants to distribute approximately 5,000 Ecstacy pills to various individuals.   These transactions all occurred in this district.   In addition, according to the Government, Cheah is responsible for having purchased approximately 4,700 Ecstacy pills, approximately four kilograms of marijuana, and approximately 100 bottles of ketamine.

## The Relevant Statutory Provisions

The maximum term of imprisonment is twenty years for each of the counts of possession and conspiracy, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 846.   In addition, a term of at least three years' supervised release is required on each count if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 846.   Such terms of supervised release run concurrently, pursuant to 18 U.S.C. § 3624(e).

Cheah is eligible for not less than one nor more than five years' probation on each count, pursuant to 18 U.S.C. § 3561(c)(1).  Because the offense is a felony, pursuant to 18 U.S.C. § 3563(a)(2), one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine is $1,000,000 on each count, for a total maximum fine of $2,000,000, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 846. A special assessment in the amount of $100 per count, for a total of $200, is mandatory, pursuant to 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. § 862(a)(1)(A), upon a first conviction for distribution of a controlled substance, a defendant may be declared ineligible for any or all Federal benefits for up to five years as determined by the court.

**The Guidelines**

The March 27, 2006, edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11(a).

Pursuant to the grouping rules contained in U.S.S.G. § 3D1.2, the two counts can be grouped together because the offense level is determined largely on the total amount of drugs distributed.  Therefore, pursuant to U.S.S.G. § 3D1.2(d), the two counts are grouped together for the purpose of calculating the Guidelines sentencing range.

The Guideline for violations of 21 U.S.C. § 841(b)(1)(C) is found in U.S.S.G. § 2D1.1.  Pursuant to application note 10 of U.S.S.G. § 2D1.1, in order to establish the appropriate offense level, the quantity of Ecstacy involved in this offense must be converted into its marijuana equivalent.  Based on the PSI, Cheah is responsible for conspiring to distribute and possess with the intent to distribute an approximate aggregate of 9,700 Ecstacy pills, the marijuana equivalent of which is 1,212.5 kilograms.[1] In addition, Cheah possessed an additional four kilograms of marijuana for a total aggregate of approximately 1,216.6 kilograms

---

[1]    Based on the Drug Quantity Table, one gram of Ecstacy is the equivalent of 500 grams of marijuana.  The typical weight of an Ecstacy pill is 250 mgs.

of marijuana.[2]   Therefore, according to U.S. S.G. § 2D1.1(a)(3) and (c)(4), this amount of Ecstacy results in a base offense level of 32.

Based on his plea allocution, Cheah has shown recognition of responsibility for the offense.   Pursuant to U.S.S.G. § 3E1.1(a), the offense is therefore reduced two levels.   Further, because Cheah's timely notification of his intention to plead guilty has allowed the Government to allocate its resources more efficiently, and because the offense level is 16 or greater, the offense level is reduced one additional level, pursuant to U.S.S.G. § 3E1.1(b).

The defendant's resulting adjusted offense level is 29.

Cheah has no known criminal convictions.   Thus, Cheah has a Criminal History Category of I.

Based on a total offense level of 29 and a Criminal History Category of I, the Guidelines range for imprisonment is 87 to 108 months.

---

[2]   Although Cheah reportedly possessed Ketamine, sufficient information was not provided with regard to the amount of the drug to include in this computation.

The Guidelines range for a term of supervised release is a minimum of three years, as required by statute, pursuant to U.S.S.G. § 5D1.2(c).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Cheah is not eligible for probation, pursuant to U.S.S.G. §§ 5B1.1, application note 2.

The Guidelines fine range for the instant offense is from $15,000 to $2,000,000, pursuant to U.S.S.G. § 5E1.2(c)(3)(A) and (c)(4). Subject to the defendant's ability to pay, in imposing a fine pursuant to U.S.S.G. § 5E1.2(d)(7), the Court shall consider the expected costs to the Government of any imprisonment, proba- tion, or supervised release. The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,931.97 to be used for imprisonment, a monthly cost of $292.21 for supervision, and a monthly cost of $1,590.66 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second

9

Circuit's decision in <u>Crosby</u>, 397 F.3d 103.   In particular, §
3553(a)(1) asks that the sentence imposed consider both "the nature
and circumstances of the offense and the history and characteris-
tics of the defendant," while § 3553(a)(2)(A) demands that the
penalty "provide just punishment for the offense" that simulta-
neously "afford[s] adequate deterrence to criminal conduct" as
required by § 3553(a)(2)(B).   Furthermore, pursuant to § 3553-
(a)(6), the Court is also mindful of "the need to avoid unwarranted
sentence disparities among defendants with similar records who have
been found guilty of similar conduct."

Having considered all the factors set forth in § 3553(a),
it is determined that a sentence below the applicable Guidelines
range is warranted in the instant case.   In particular, considering
the history and characteristics of the defendant pursuant to §
3553(a)(1) and the need for the sentence to provide adequate
general and specific deterrence pursuant to § 3553(a)(2)(B), a
below-Guidelines sentence would be appropriate.   Cheah has no prior
criminal convictions and has not been incarcerated prior to the
instant offense.   <u>See</u>, <u>e.g.</u>, <u>United States v. Bidon</u>, No. 05 Cr.
1285-01 (RWS), 2006 WL 3025876, at *5 (S.D.N.Y. Oct. 24, 2006);
<u>United States v. Harding</u>, No. 05 Cr. 1285-02 (RWS), 2006 WL
2850261, at *5 (S.D.N.Y. Sept. 28, 2006); <u>United States v.
Hernandez</u>, No. 03 Cr. 1257-03 (RWS), 2006 WL 870933, at *4
(S.D.N.Y. Apr. 5, 2006); <u>United States v. Arreaga</u>, No. S303 Cr.
1121-02 (RWS), 2006 WL 278156, at *7 (S.D.N.Y. Feb. 2, 2006).

## The Sentence

For the instant offense, Cheah is hereby sentenced to a term of time served and a three-year term of supervised release. Cheah is directed to report to the nearest Probation Office within seventy-two hours of release from custody. It is recommended that the defendant be supervised by the district of residence.

As mandatory conditions of his supervised release, Cheah shall: (1) not commit another federal, state or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing.

The standard conditions of supervision (1-13) shall be imposed, along with the following special conditions:

> (1) Cheah will participate in a program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Cheah shall be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

> (2) Cheah shall obey the immigration laws and comply with the directives of immigration authorities.

11

(3) Cheah shall submit his person, residence, place of
business, vehicle, or any other premises under his
control to a search on the basis that the probation
officer has reasonable belief that contraband or evidence
of a violation of the conditions of the release may be
found.  The search must be conducted at a reasonable time
and in reasonable manner.  Failure to submit to a search
may be grounds for revocation.  Cheah shall inform any
other residents that the premises may be subject to
search pursuant to this condition.

In consideration of all the factors set forth in 18

U.S.C. § 3572(a), it does not appear that the defendant is able to

pay a fine, and the fine in this case shall therefore be waived.

A special assessment of $200, payable to the United States, is

mandatory and shall be due immediately.

The terms of this sentence are subject to modification at

the sentencing hearing set for November 3, 2006.

It is so ordered.

New York, NY
November    2   , 2006

ROBERT W. SWEET
U.S.D.J.

12